UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SILOGRAM LUBRICANTS, CORP., <br><br> Plaintiff, <br><br> v. <br><br> EVERCLEAR OF OHIO, LTD., <br><br> Defendant. | Civil Action No. 12-3233 (FSH) <br><br> REPORT & RECOMMENDATION |

**THIS MATTER** has come before the Court on an Order for Plaintiff Silogram Lubricants, Corp. ("Silogram"), to have new counsel enter an appearance on the docket following the withdrawal of its previous attorney. *See* Order Granting Withdrawal of Attorney, dated May 22, 2014, at Docket Entry No. 74 ("May 22 Order"). No new counsel has entered an appearance nor has Silogram or any party on behalf of Silogram or Oscar Margolis, principal of Silogram, contacted the Court. For the reasons set forth below, this Court respectfully recommends that Silogram's Answer to Everclear's Counterclaims be stricken and the Court dismiss Silogram's Complaint under Fed. R. Civ. P. 41.

Silogram filed the Complaint on March 1, 2012, amended on August 20, 2012, alleging, *inter alia*, breach of warranty, breach of contract, negligence, and misrepresentation over Defendant Everclear of Ohio, Ltd.'s sale of allegedly defective oil to Silogram. *See* Amended Complaint, Docket Entry No. 12. Everclear answered and counterclaimed, alleging Silogram failed to pay for various shipments of oil Silogram received from Everclear. *See* Answer to Amended Complaint, Amended Counterclaim, Docket Entry No. 17.

The parties then engaged in a long, arduous, and at times contentious period of discovery.

1

The Undersigned was assigned to this matter in August, 2013, as the parties were still completing discovery following the withdrawal of Silogram's original counsel and appearance of its new counsel, Mr. Robert Montecallo, Esq., of Marino & Montecallo, Inc.  Discovery was completed and the Court conducted a Final Pretrial Conference on January 30, 2014.  *See* Docket Text on January 31, 2014.

In attempt to settle the matter, the Court conducted a settlement conference in March, 2014.  *See* Docket Entry Nos. 65 & 67.  The parties approached an agreement, but needed additional time to speak with clients and Silogram's New York bankruptcy counsel, and were to report back to the Court on the status of talks.  *See* Docket Entry No. 67.  Before the parties reported back to the Court, Silogram's counsel, Mr. Montecallo passed away unexpectedly.

Mr. Montecallo's partner, Mr. Paul Marino, took over the file initially, but eventually requested leave to withdrawal.  *See* Docket Entry No. 72.  For reasons stated on the record, the Court granted Mr. Marino's withdrawal in the May 22 Order mentioned above.  In the Order, Silogram was granted until the close of business on June 6, 2014, to retain new counsel and have his or her appearance entered on the docket.  *See id.*  The Court directed Mr. Marino to serve the May 22 Order on Sean Margolis, son of Oscar Margolis as well as Silogram's New York counsel.  *See id.*  The Court also directed Everclear to serve the May 22 Order on Silogram's last known addresses.  Mr. Marino filed an Affidavit of Service on May 23, 2014.  *See* Docket Entry No. 75.  Everclear filed a Declaration of Service on May 24, 2014.  *See* Docket Entry No. 76.  No new counsel has entered an appearance.  The Court notes that is has not received or had any communication with Silogram, Oscar Margolis, Sean Margolis, or any representative on behalf of Silogram.  Neither has Silogram filed or caused anything to be filed on the Court's

electronic docket.

It is well settled that a corporation cannot proceed *pro se*.  *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *see also Simbraw v. United States*, 367 F.2d 373, 374 (3d Cir. 1966).   Silogram has failed to retain new counsel and have their appearance made on the docket.   Further Silogram has not communicated with the Court any intention to continue with the prosecution of its claims and in defense of Everclear's counterclaims.   The Court finds that allowing the matter to remain in limbo if and until Silogram decides to prosecute the matter both prejudices Everclear and undermines the authority of the Court.   In light of Silogram's failure to retain new counsel to represent it, the Court must recommend that Silogram's Answer to Everclear's Counterclaims be stricken and that the Court dismiss Silogram's Amended Complaint pursuant to Fed. R. Civ. P. 41.[1]

**IT IS** on this **11th** day of **June, 2014,**

**RECOMMENDED** that Silogram's Answer to Everclear's Counterclaims be stricken and the Court dismiss Silogram's Amended Complaint.

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed.R.Civ.P. 72(b)(2).

   s/ James B. Clark, III  
**JAMES B. CLARK, III**  
**United States Magistrate Judge**

---

[1] The Court notes that there is sufficient bases to recommend dismissal of Silogram's Amended Complaint and to strike the Silogram's Answer to the Counterclaims as sanctions for Silogram's conduct in this matter under the factors enunciated in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984).   However, since Silogram has failed to prosecute the case in general, the Court need not undertake the *Poulis* analysis at this time.